IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

WILLIAM THOMPSON,

    Plaintiff,

v.                                            Civil Action No. 5:14CV155
                                                             (STAMP)

JAMES HAZELWOOD,
Corrections Officer II,
KAREN PSZCZOLKOWSKI, Warden,
Northern Correctional Facility,
JAMES RUBENSTEIN, Commissioner,
WV Division of Corrections,
Charleston, WV,
JOHN DOE and JANE DOE

    Defendants.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING THE MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATION,
OVERRULING THE PLAINTIFF'S OBJECTIONS,
AND DISMISSING THE PLAINTIFF'S COMPLAINT**

The pro se[1] plaintiff filed this civil action asserting claims under 42 U.S.C. § 1983 on the court-approved § 1983 form complaint provided by the Clerk of Court. The case was referred to United States Magistrate Judge Michael J. Aloi under Local Rule of Prisoner Litigation Procedure 2. The defendants moved to dismiss the complaint for failure to state a claim upon which relief can be granted, under Federal Rule of Civil Procedure 12(b)(6). Magistrate Judge Aloi issued a report recommending that the defendants' motion to dismiss be granted. The plaintiff timely

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

filed objections to the report and recommendation. For the following reasons, this Court affirms and adopts the report and recommendation, overrules the plaintiff's objections, and dismisses the plaintiff's complaint.

I. <u>Background</u>

The plaintiff, William Thompson ("Thompson"), was frisked by defendant James Hazelwood ("Hazelwood"), a corrections officer. ECF No. 31 at 7. Thompson alleges that during the frisk Hazelwood brought his hands up the inside of Thompson's legs and into his groin and genitals with "such force that he caused injury, requiring medical care." ECF No. 31 at 7. Hazelwood allegedly then "verbally assault[ed] Thompson." ECF No. 31-1 at 2. Thompson alleges that his injury is permanent and that he experiences constant pain as a result. Further, Thompson alleges that other inmates filed grievances against Hazelwood for injuries caused by frisks. Thompson then filed a grievance regarding the matter, and it was denied. Thompson appealed to the Warden, who affirmed, then to the Commissioner, who also affirmed.

Thompson then filed a complaint under § 1983 alleging that Hazelwood exercised excessive force upon him in violation of his Eight Amendment rights, and that Warden Karen Pszczolkowski, and Commissioner James Rubenstein violated his Eighth Amendment rights by failing to train Hazelwood or respond to Thompson's grievance. The defendants filed a motion to dismiss the complaint, and

attached several documents detailing an internal investigation of Hazelwood and seeming to show that Hazelwood did not use excessive force. Magistrate Judge Aloi issued a report recommending that the defendants' motion to dismiss be granted. Thompson timely filed objections to the report and recommendation.

## II. Applicable Law

Under 28 U.S.C. § 636(b)(1)(C), this Court must conduct a <u>de novo</u> review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those findings to which objections were not filed, the findings and recommendations will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). Because Thompson filed objections to the report and recommendation, the magistrate judge's recommendation will be reviewed <u>de novo</u> as to those findings to which objections were made. Although Thompson's objections state only that the defendants are not entitled to qualified immunity and that Hazelwood was deliberately indifferent, this Court liberally construes Thompson's objections and will review all of Magistrate Judge Aloi's findings and conclusions <u>de novo</u>.

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009). This plausibility standard requires a plaintiff to articulate facts that, when

3

accepted as true, demonstrate that the plaintiff has stated a claim that makes it plausible he is entitled to relief. <u>Francis v. Giacomelli</u>, 588 F.3d 186, 193 (4th Cir. 2009) (citing <u>Iqbal</u>, 556 U.S. at 678; <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)).

This Court must liberally construe <u>pro se</u> complaints. <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007); <u>Gordon v. Leeke</u>, 574 F.2d 1147, 1151 (4th Cir. 2007). While the plaintiff's allegations are assumed to be true, <u>Erickson</u>, 551 U.S. at 93, this Court may not ignore a clear failure in the pleading to allege facts that set forth a claim. <u>See</u> <u>Weller v. Dep't of Soc. Servs.</u>, 901 F.2d 387, 390-91 (4th Cir. 1990). This Court may not rewrite a complaint to include claims that were never presented, <u>Barnett v. Hargett</u>, 174 F.3d 1128, 1133 (10th Cir. 1999), construct the plaintiff's legal arguments for him, <u>id.</u>, or "conjure up questions never squarely presented" to the court. <u>Beaudett v. City of Hampton</u>, 775 F.2d 1274, 1278 (4th Cir. 1985).

If a party presents matters outside the pleadings in support of a motion to dismiss for failure to state a claim, the court may either exclude those matters from its consideration of the motion or treat the motion as one for summary judgment. Fed. R. Civ. P. 12(d). Under Federal Rule of Civil Procedure 56, this Court must grant a party's motion for summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is

"material" if it might affect the outcome of the case. Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986). A dispute of material fact is "genuine" if the evidence "is such that a reasonable jury could return a verdict for the non-moving party." Id. If the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial," summary judgment must be granted against that party. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In reviewing the supported underlying facts, all inferences must be viewed in the light most favorable to the party opposing the motion. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

The party seeking summary judgment bears the initial burden of showing the absence of any genuine issues of material fact. See Celotex, 477 U.S. at 322-23. "The burden then shifts to the nonmoving party to come forward with facts sufficient to create a triable issue of fact." Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718 (4th Cir. 1991), cert. denied, 502 U.S. 1095 (1992). However, "a party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). Moreover, "[t]he nonmoving party cannot create a genuine issue of material fact through mere

speculation or the building of one inference upon another." Othentec Ltd. v. Phelan, 526 F.3d 135, 140 (4th Cir. 2008) (internal quotation marks omitted). The nonmoving party must produce "more than a 'scintilla'" of evidence "upon which a jury could properly proceed to find a verdict for the party producing it." Id. (internal quotation marks omitted) (quoting Anderson, 477 U.S. at 251).

III. Discussion

The Eighth Amendment prohibits cruel and unusual punishment. This right extends to "the treatment an inmate receives in prison and the conditions under which he is confined." Danser v. Stansberry, 772 F.3d 340, 346 (4th Cir. 2014) (citing Farmer v. Brennan, 511 U.S. 825, 832-33 (1994)). To prove this kind of Eighth Amendment violation, the plaintiff must show: (1) an objectively serious deprivation of his rights; and (2) that subjectively the defendant prison official acted with a "sufficiently culpable state of mind." Id. (internal quotation marks omitted). Thompson's complaint alleges that Hazelwood used excessive force upon him while frisking him and that Pszczolkowski and Rubenstein were liable as supervisors. He also alleges in his objections to the magistrate judge's report and recommendation that Hazelwood was deliberately indifferent to the risk of harm to Thompson and his need for medical care.

A.  Hazelwood

Thompson's complaint alleges that Hazelwood exerted excessive force when frisking him in violation of the Eighth Amendment. Further, in his objections to the magistrate judge's report and recommendation, Thompson alleges that Hazelwood was deliberately indifferent to Thompson's pain or need for medical care. This Court considers each of these claims.

1.  Excessive Force

"[T]he Eight Amendment forbids 'the unnecessary and wanton infliction of pain'" by a prison official. Hill v. Crum, 727 F.3d 312, 317 (4th Cir. 2013) (quoting Whitley v. Albers, 475 U.S. 312, 319 (1986)). To prove an excessive force claim, a plaintiff must show: (1) that the prison official's use of force was objectively harmful such that it violates contemporary standards of decency; and (2) that the prison official's use of force was not "applied in a good-faith effort to maintain or restore discipline," but was intended to "maliciously and sadistically . . . cause harm." Hudson v. McMillian, 503 U.S. 1, 7 (1992). It is the nature of the force used, and not the extent of the injury caused, that serves as the relevant inquiry. Wilkins v. Gaddy, 559 U.S. 34, 34 (2010). However, "not every malevolent touch by a prison guard gives rise to a federal cause of action." Id. at 37-38. Thus, "an inmate who complains of a 'push or shove' that causes no discernible injury

7

almost certainly fails to state a valid excessive force claim." Id. at 38.

Thompson alleged that Hazelwood frisked each inmate as they were being transferred to or from the cellblock, presumably to ensure that the inmates did not have any weapons or contraband before entering a new area. Thompson alleges that Hazelwood brought his hands up the inside of Thompson's legs with such force that Thompson "st[ood] on his tip-toes" and had trouble climbing stairs afterward. ECF No. 31-1 at 1. He further alleges that Hazelwood yelled foul language at him when he complained about Hazelwood's rough frisk. However, Thompson's allegations do not provide any indication that Hazelwood maliciously or sadistically intended to harm Thompson through his rough frisking method. Rather, based on Thompson's allegations, Hazelwood frisked each inmate entering the cell pod in a good faith effort to ensure that inmates did not have weapons or contraband on their persons. Thus, regardless of whether Hazelwood's frisking method was objectively harmful such that it violates contemporary standards of decency, Thompson has failed to allege any facts indicating that Hazelwood maliciously or sadistically intended to cause harm.

Alternatively, this Court finds that the defendants are entitled to summary judgment based on the evidence the parties submitted. The defendants attached to their motion to dismiss documents detailing an internal investigation of Hazelwood based on

8

inmates' complaints of rough frisking. In response to the motion to dismiss, Thompson provided several documents that were included in the defendants' submissions, including a copy of an incident report regarding the frisking incident and excerpts from interview transcripts of Hazelwood and the senior corrections officer that was supervising him during the frisking incident. This evidence confirms that Hazelwood conducted the frisk within commonly accepted limitations of his training, and that he did not conduct the frisk with the intent to maliciously or sadistically cause harm to Thompson. ECF No. 41-1 at 9-12, 15-18. Hazelwood conducted a thorough frisk, according to his training, and such a frisk typically involves contact between the back of the officer's hand and the inmate's genitals as the officer runs his hand up the inside of the inmate's legs. ECF No. 41-1 at 17-18. Thompson fails to put forth any evidence that would allow a reasonable jury to find that Hazelwood used excessive force in frisking him.

Further, Thompson has provided no evidence that he was actually injured. Directly after the frisk, Thompson told Hazelwood that the frisk was rough and that if it was any more rough it could hurt somebody. ECF No. 41-1 at 16. While Thompson alleges that he has suffered constant pain since the incident, when Thompson received medical treatment for his pain, the physician found no redness or swelling and gave Thompson Advil for the pain. ECF No. 41-1 at 2, 7.

Thompson fails to produce sufficient evidence to create a genuine issue of material fact regarding Hazelwood's motives in frisking him, that Hazelwood did not conduct the frisk according to his training, or that Thompson was actually injured by the frisk. Therefore, the defendants are alternatively entitled to summary judgment.

2. Deliberate Indifference

A plaintiff may state a § 1983 claim for an Eighth Amendment violation by showing that prison officials were deliberately indifferent to a risk of substantial harm to the plaintiff. Farmer v. Brennan, 511 U.S. 825, 833, 834 (1994). To show such a claim, the plaintiff must show: (1) that he suffered a "serious or significant physical or emotional injury"; and (2) that prison officials were deliberately indifferent to a known risk of such injury. Danser, 772 F.3d at 346-47.

To show that a prison official acted with deliberate indifference, the plaintiff must show two things. First, "that the official in question subjectively recognized a substantial risk of harm. It is not enough that the offic[ial] should have recognized it; they actually must have perceived the risk." Parrish ex rel. Lee v. Cleveland, 372 F.3d 294, 303 (4th Cir. 2004) (emphasis in original). Second, "that the official . . . subjectively recognized that his actions were inappropriate in light of that risk . . . . [I]t is not enough that the official should have

10

recognized that his actions were inappropriate; the official actually <u>must have</u> recognized that his actions were insufficient." <u>Id.</u> (internal quotation marks omitted) (emphasis in original). Knowledge of the risk may be inferred, but the risk "must be so obvious that the fact-finder could conclude that the [official] did know of it because he could not have failed to know of it." <u>Id.</u> (internal quotation marks omitted) (emphasis in original). Moreover, a claim for deliberate indifference requires more than mere negligence, as "deliberate indifference describes a state of mind more blameworthy than negligence." <u>Farmer</u>, 511 U.S. at 835.

Thompson fails to sufficiently allege that Hazelwood had subjective knowledge that his frisking method posed a substantial risk of harm to Thompson or that he subjectively recognized that his actions were inappropriate in light of any risk of harm. Rather, Hazelwood's allegedly overly-forceful frisking method amounts to mere negligence regarding an injury to Thompson's genitals. Thus, Thompson failed to state a claim for deliberate indifference against Hazelwood.

B. <u>Pszczolkowski and Rubenstein</u>

Under § 1983 a defendant cannot be held liable under the doctrine of respondeat superior, but rather must be personally involved in the violation of the plaintiff's rights. <u>Vinnedge v. Gibbs</u>, 550 F.2d 926, 928 (4th Cir. 1977); <u>see also</u> <u>Monell v. Dep't of Soc. Servs.</u>, 436 U.S. 658, 691 (1978) ("[A] municipality cannot

11

be held liable under § 1983 on a respondeat superior theory."). Thus, Pszczolkowski and Rubenstein cannot be liable for their subordinates' alleged excessive force simply by virtue of their supervisory positions.

However, a supervisor may be liable under § 1983 if the conduct causing the deprivation was carried out to effectuate an official policy or custom for which the official is responsible, Fisher v. Wash. Metro. Area Transit Auth., 690 F.2d 1133, 1142-43 (4th Cir. 1982), or if the following elements are shown:

> (1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a "pervasive and unreasonable risk" of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices[]"; and (3) that there was an "affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994), cert. denied, 513 U.S. 813 (1994). The first element requires a showing that the supervisor had knowledge of his subordinate's conduct, and that such "conduct poses a pervasive and unreasonable risk of constitutional injury to the plaintiff." Id. To establish a pervasive and unreasonable risk of harm, the plaintiff must show "that the conduct is widespread, or at least has been used on several different occasions and that the conduct . . . poses an unreasonable risk of harm of constitutional injury." Id.

12

Thompson does not allege that Pszczolkowski or Rubenstein were personally involved in Hazelwood's frisk. Rather, he alleges that they were acting in a supervisory capacity. In that regard, Thompson alleges that Hazelwood conducted a single frisk on him, causing injury. Assuming that Hazelwood's conduct constituted an Eighth Amendment violation, a single isolated deprivation of rights is not sufficient to show that a supervisor had knowledge of widespread conduct posing an unreasonable risk of harm or constitutional injury. Thus, Thompson fails to state a claim for supervisory liability against either Pszczolkowski or Rubenstein.

C. <u>Qualified Immunity</u>

The defendants argued in their motion to dismiss that they are entitled to qualified immunity, and Thompson argued in his objections that the defendants were not entitled to qualified immunity. "The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." <u>Pearson v. Callahan</u>, 555 U.S. 223, 231 (2009) (internal quotation marks omitted). Courts must consider two steps in determining whether an official is entitled to qualified immunity. <u>Id.</u> at 232. "First, a court must decide whether the facts that a plaintiff has alleged . . . make out a violation of a constitutional right. Second, . . . the court must decide whether the right at issue was 'clearly

established' at the time of the defendant's alleged misconduct." Id.

First, Thompson fails to sufficiently allege that any defendant violated his Eight Amendment rights. Further, as this Court discussed above, Thompson fails to sufficiently allege that Hazelwood used excessive force or was deliberately indifferent, or to sufficiently allege facts supporting supervisory liability for Pszczolkowski or Rubenstein.

Second, even if Thompson plausibly alleges violations of his Eight Amendment rights, those rights were not clearly established. Courts considering similar cases of rough frisking or inappropriate touching while frisking have concluded that such claims do not rise to the level of an Eighth Amendment violation. See, e.g., Caldwell v. Crossett, No. 9:09cv576, 2010 WL 2346337 (N.D.N.Y. May 24, 2010) (concluding that plaintiff failed to state an Eighth Amendment violation where he claimed the defendant grabbed his testicles during a frisk); Excell v. Fisher, No. 9:08cv945, 2009 WL 3111711 (N.D.N.Y. Sept. 24, 2009) (concluding that plaintiff failed to state an Eighth Amendment violation where he claimed the defendant squeezed his penis during a frisk). Therefore, the defendants are entitled to qualified immunity.

## IV. Conclusion

For the reasons set forth above, the plaintiff failed to state a claim upon which relief can be granted. Therefore, the

magistrate judge's report and recommendation (ECF No. 65) is AFFIRMED and ADOPTED.  Accordingly, the defendants' motion to dismiss (ECF No. 40) is GRANTED, the plaintiff's complaint is DISMISSED, and the plaintiff's objections to the report and recommendation (ECF No. 73) are OVERRULED.  It is further ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within thirty days after the date of the entry of the judgment order.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se plaintiff by certified mail and to counsel of record herein.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:   February 12, 2016

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE